**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**March 8, 2004**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

————————

No. 03-30461

————————

RICKY LANDRY; ET AL

Plaintiffs,

JOSEPH BRAUD; C J LORIO,

Plaintiffs-Appellants-Cross-Appellees,

versus

GEORGIA GULF CORPORATION; ET AL

Defendants,

GEORGIA GULF CORP; GEORGIA GULF SALARIED EMPLOYERS RETIREMENT PLAN; GEORGIA GULF SAVINGS AND CAPITAL GROWTH PLAN; GEORGIA GULF WELFARE BENEFIT PLAN,

Defendants-Appellees-Cross-Appellants.

———————————————————————

Appeal from the United States District Court
For the Middle District of Louisiana
USDC No. 97-CV-1164-B-M2

———————————————————————

Before EMILIO M. GARZA, DEMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Appellants Joseph Braud ("Braud") and C.J. Lorio ("Lorio") appeal the district court's bench ruling in favor of Appellee, Georgia Gulf Corporation ("Georgi a Gulf"). Braud and Lorio were employed by Gulf Coast Engineers ("Gulf Coast") and Master Maintenance and Construction ("Master Maintenance"). Gulf Coast, and subsequently Master Maintenance, supplied workers, on a contract basis, to Georgia Gulf. In 1996, Braud and Lorio filed requests to be included in Georgia Gulf's benefits plans, asserting that they were common law employees of Georgia Gulf and, as such, were entitled to benefits. After administrative review, Georgia Gulf concluded that Braud and Lorio were not common law employees and, accordingly, not eligible for benefits. Braud and Lorio filed suit under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132, again asserting their common law employee status at Georgia Gulf. After a bench trial, the district court concluded that Braud and Lorio were not common law employees of Georgia Gulf.[1] Braud and Lorio appeal the district court's ruling.

On appeal from a bench trial, we review factual determinations for clear error and legal determinations *de novo*. *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 601 (5th Cir. 2000). The ultimate question of whether an individual qualifies as a common law employee is a question of law. *Penn v. Howe-Baker Eng'rs, Inc.*, 898 F.2d 1096, 1101 (5th Cir. 1990). Braud and Lorio must establish common law employee status under the factors set forth in *Nationwide Mut. Ins.*

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]In reaching its conclusion, the district court, assuming that it was a Fifth Circuit decision, mistakenly relied on *Roth v. Am. Hosp. Supply Corp.*, 965 F.2d 862 (10th Cir. 1992). The district court recognized its error and issued a post-judgment ruling, which made clear that, regardless of *Roth*, Braud and Lorio did not qualify as common law employees. Because the district court clarified that *Roth* was not the basis for its decision, this issue is irrelevant to our disposition of the appeal.

*Co. v. Darden*, 503 U.S. 318, 324-25 (1992).

After hearing testimony and weighing all the evidence, the district court concluded that Braud and Lorio were not common law employees. Our examination of the *Darden* factors does not compel us to conclude otherwise. A plurality of the *Darden* factors, including skill required, right to assign additional projects, method of payment, role in hiring and paying assistants, employee benefits, and tax treatment, support the conclusion that Braud and Lorio were not common law employees. Many of the other factors, including control and direction, location of the work, and discretion in setting hours of work, are neutral in that they do not favor finding common law employment. We agree that Braud and Lorio do not meet the *Darden* standards for common law employment.

Braud and Lorio further assert that Georgia Gulf's benefit plans will lose their tax exempt status because Georgia Gulf undercounted contract employees. Braud and Lorio argue that the "intent [of the benefit plans] to remain tax qualified should militate in favor of finding that plaintiffs [ ] are common law employees." However, no precedent conflates tax exempt status with common law employment under the *Darden* factors. In both cases relied on by Braud and Lorio, the plaintiffs were either regular or common law employees. *Abraham v. Exxon Corp.*, 85 F.3d 1126, 1129 (5th Cir. 1996); *Crouch v. Mo-Kan Iron Workers Welfare Fund*, 740 F.2d 805, 806-07 (10th Cir. 1984). In this case, Braud and Lorio are neither regular nor common law employees of Georgia Gulf.

On cross-appeal, Georgia Gulf challenges the district court's summary judgment rulings on prescription, laches, and equitable estoppel, and the district court's decision to dismiss Braud and Lorio's state-law claims without prejudice. Georgia Gulf does not state a valid claim under any of these theories.

Accordingly, we AFFIRM.